# IN THE UNITED STATE DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JADE BURCH,<br><br>*Plaintiff*,<br><br>v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC.,<br><br>*Defendant*. | Civil Action No.: 5:22-cv-316 |

# COMPLAINT

Plaintiff in the above-styled action respectfully files this Complaint, showing the Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Jade Burch ("Plaintiff") resides in Georgia and consents to the jurisdiction of this Court.

2.

Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"):

   a. is a foreign, for-profit corporation that is registered to do business in Georgia.

   b. at all relevant times, owned the Cracker Barrel Old Country Store located at 3950 Riverside Dr, Macon, GA 31210 (the "Macon Cracker Barrel").

  c. at all relevant times, operated the Macon Cracker Barrel.

  d. transacts business in Georgia.

  e. vicariously committed a tortious act in Georgia through its agent.

  f. has its principal place of business in Tennessee at 305 S. Hartmann Drive, Lebanon, Tennessee 37087-0787.

  g. may be served with process through its registered agent, The Corporation Company, 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia 30040-2794, which is in Forsyth County.

3.

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the value of $75,000.00 and the parties are completely diverse. Plaintiff is a citizen of Georgia and Cracker Barrel is a citizen of Tennessee.

4.

This Court has personal jurisdiction over Cracker Barrel because this cause of action arose from its purposeful contacts with the State of Georgia.

5.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and Local Rule 3.4 because the events giving rise to this cause of action occurred in Bibb County and Monroe County which are located within this judicial district.

**FACTS**

6.

At all relevant times, Lois Burch was a general manager for Cracker Barrel, working primarily out of the Macon Cracker Barrel.

7.

On October 25, 2021, after the Macon Cracker Barrel closed, Lois Burch directed a Cracker Barrel employee named Rafael Evans to drive another Cracker Barrel employee to that other employee's home in Stockbridge.

8.

Driving another employee home was not a customary task for Evans.

9.

Evans drove the other Cracker Barrel employee to her home in Stockbridge.

10.

Evans was driving under the influence of drugs and/or alcohol.

11.

Plaintiff rode along with Evans to keep him company.  In other words, Plaintiff was in the vehicle by her own volition and not in furtherance of Cracker Barrel's interests.

12.

After Evans dropped off the other Cracker Barrel employee at her home in Stockbridge, he and Plaintiff were heading home together.

13.

As Evans was rounding a curve on Dames Ferry Road in Monroe County, he negligently and recklessly drove the vehicle off the road.

14.

Evans crashed the vehicle into a tree driving at a high speed. A photograph of the damage to the vehicle can be seen below.



15.

After the collision, the vehicle caught fire and eventually exploded.

16.

The collision caused serious injuries to Plaintiff, including, but not limited to severe burns and broken bones.

17.

Plaintiff did nothing to contribute to the wreck and had no ability to avoid the consequences of the wreck.

18.

At the time of the collision, Evans was returning from the special mission on behalf of his employer. *See Jones v. Aldrich Co.*, 188 Ga. App. 581, 582 (1988) (applying special mission doctrine where employee is on the way home from a special mission).

## **LIABILITY**

19.

Evans was negligent.

20.

Evans acted recklessly, wantonly, willfully, and with conscious indifference to the consequences of his misconduct.

21.

Evans failed to keep a proper lookout ahead.

22.

Evans failed to obey Georgia law and the Uniform Rules of the Road, and is therefore liable *per se*, in several ways including but not limited to:

   a. violation of O.C.G.A. § 40-6-48 (failure to maintain lane);

   b. violation of O.C.G.A. § 40-6-180 (failure to drive at reasonable and prudent speed);

   c. violation of O.C.G.A. § 40-6-390 (reckless driving); and

    d.  violation of O.C.G.A. § 40-6-391 (driving under the influence).

23.

At all relevant times, Evans was acting within the course and scope of his employment with Cracker Barrel.

24.

Cracker Barrel is vicariously liable for Evans' misconduct. *See Jones*, 188 Ga. App. 581.

## CAUSATION

25.

But for Evans' misconduct, Plaintiff would not have been injured.

26.

Evans' misconduct proximately caused Plaintiff's injuries.

## DAMAGES

27.

Plaintiff sustained serious personal injuries.

28.

Plaintiff seeks to recover for:

    a.  personal injuries;

    b.  compensatory damages;

    c.  punitive damages;

    d.  interference with normal living;

    e.  interference with enjoyment of life;

    f.  impairment of bodily health and vigor;

    g.  fear of extent of injury;

    h.  fright, shock, and terror;

    i.  past, present, and future pain and suffering;

    j.  mental and physical pain and suffering;

    k.  past and future medical bills; and

29.

Under Georgia law, a plaintiff is entitled to the expenses of litigation where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. O.C.G.A. § 13-6-11.

30.

Defendant has acted in bad faith within the meaning of O.C.G.A. § 13-6-11.

31.

Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

32.

Accordingly, Plaintiff is entitled to recover all expenses of litigation, including costs and reasonable attorney's fees in pursuing this action.

33.

Defendant is liable for punitive damages.  *See* O.C.G.A. § 51-12-5.1.

## **CONCLUSION**

34.

Plaintiff respectfully requests:

a. that process issue as provided by law;

b. that Plaintiff have trial by jury against Defendant;

c. that judgment be entered in favor of Plaintiff and against Defendant;

d. that Plaintiff be awarded damages in amounts to be shown at trial; and

e. such other relief as this Court deems just.

Respectfully submitted this 30th day of August 2022.

BUTLER | KAHN

BY:   /s/ Matthew R. Kahn
        JAMES E. BUTLER, III
        Georgia Bar No. 116955
        MATTHEW R. KAHN
        Georgia Bar No. 833443

10 Lenox Pointe
Atlanta, Georgia 30324
jeb@butlerfirm.com
matt@butlerfirm.com
(t) 678-940-1444
(f) 678 306 4646

ADAMS, JORDAN & HERRINGTON, P.C.

BY:   /s/ Caroline W. Herrington
        CAROLINE W. HERRINGTON
        Georgia Bar No. 153008
        VIRGIL L. ADAMS
        Georgia Bar No. 004625

                                              HANNAH E. HELTZEL
                                              Georgia Bar No. 173525

915 Hill Park, Suite 101
P.O. Box 101
Macon, Georgia 31202
cherrington@adamsjordan.com
vadams@adamsjordan.com
hheltzel@adamsjordan.com
(t) 478-743-2159

                                              **ATTORNEYS FOR PLAINTIFF**